UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| MICHAEL SCOTT BUSH, | ) |
| | ) |
| Plaintiff, | )  Civil No. 2:19-186-HRW |
| | ) |
| v. | ) |
| | ) |
| KENTON COUNTY, KENTUCKY, | )  **MEMORANDUM OPINION** |
| *et al.*, | )  **AND ORDER** |
| | ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Michael Scott Bush is an inmate confined at the Kenton County Detention Center ("KCDC") located in Covington, Kentucky. Proceeding without an attorney, Bush has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Kenton County, Kentucky, and Aramark Correctional Services, LLC ("Aramark"), alleging that the food that he is served at KCDC is not prepared in accordance with his religious beliefs. [D.E. No. 3]

Defendant Aramark, through counsel, has filed a motion to dismiss Bush's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), [D.E. No. 18], to which Bush has filed a response. [D.E. No. 21] Aramark has not filed a reply and the time for doing so has expired. Thus, the matter is fully briefed and ripe for review.

1

**I.**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts' in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Bush is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Bush alleges that, after he converted to Judaism, the KCDC failed to change his religious preference or recognize his conversion and denied his "many requests" to prepare his food according to his religious beliefs. [D.E. No. 3 at p. 2] He also alleges that Aramark Food Services (the vendor for food service operations within the KCDC) failed to properly serve and prepare his food in accordance with his religious beliefs. [*Id.*] He does not seek monetary relief, but seeks only injunctive relief ordering that his food be prepared in accordance with his religious beliefs. [*Id.* at p. 7]

**II.**

Bush seeks to pursue his constitutional claims in this case pursuant to 42 U.S.C. § 1983, which authorizes a claim by a plaintiff who has been "(1) deprived

2

of a right protected by the Constitution or laws of the United States (2) by a person acting under color of state law." *Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007) (citations omitted). A private corporation that performs a public function, such as contracting with a county to provide food services in its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991).[1] However, "just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)(citations omitted). Thus, as with a county government, Aramark is only responsible under § 1983 if its employees cause injury by carrying out the corporation's policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), and a plaintiff must specify the corporate policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).

Aramark's motion to dismiss argues that Bush's complaint fails to adequately allege that the denial of his religious diet is the result of a policy or custom of Aramark, thus it fails to state a claim for which relief may be granted against

---

[1] Aramark concedes that § 1983 actions may be filed against private corporations (like Aramark) that contract with the state for services. [D.E. No. 18 at p. 3-4]

3

Aramark. [D.E. No. 18] Aramark is correct that, to prevail on a § 1983 claim against Aramark, Bush "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Aramark argues that Bush's allegations are "conclusory at best because he only alleges that Aramark 'failed to properly serve and prepare my food based on my religious beliefs' and 'the right to be fed 3 times a day and for me to be able to practice my religion.'" [D.E. No. 18 at p. 4-5, citing D.E. No. 3, Complaint at p. 2-4].

However, while Aramark argues that Bush has not pled facts sufficient to support his claims against it, Aramark's specific criticisms miss the mark. For example, although Aramark says that Bush does not allege how Aramark denied his religious diet, Bush's claim is that Aramark denied his religious diet by failing to serve him food that is served and prepared in accordance with his religious beliefs. While Aramark states that Bush fails to allege when the denial happened, his complaint alleges that he has been denied food prepared in accordance with his religious beliefs since October. [D.E. No. 3 at p. 3] It is true that Bush's complaint does not specifically allege which particular Aramark employee denied him the appropriate food at each meal. However, his claim is not against any individual Aramark employee, but is instead against the company itself, based on his

4

allegations that Aramark has, since October, consistently failed to prepare food in accordance with his religious beliefs.

To be sure, "[a] document filed *pro se* is 'to be liberally construed,'…and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, construing Bush's allegations broadly, as this Court is required to do, his allegations sufficiently allege that Aramark has a policy or custom of failing to properly serve and prepare food in accordance with his religious beliefs, thus failing to recognize Bush's conversion to Messianic Judaism. [D.E. No. 3 at p. 2] Accordingly, the Court finds that Bush's claims against Aramark survive Aramark's motion to dismiss.

Aramark further argues that Aramark may not be held liable because it "has no authority to determine the religious diet served to [Bush] at the KCDC." [D.E. No. 3 at p. 5] Aramark offers no factual or legal support for this claim, citing only to an unpublished decision from another judicial district explaining the process employed at a state correctional facility in Illinois. [*Id.* (citing *Powers v. Coleman*, No. 12-CV-2041, 2013 WL 1442365, at *1 (C.D. Ill. Apr. 9, 2013))]. Regardless, resolution of such an issue requires an inquiry into the contractual relationship between KCDC and Aramark and is more appropriate after the opportunity for discovery.

5

For all of the reasons, the Court finds that, in light of the broad construction that is afforded to complaints filed by *pro se* plaintiffs, Bush has adequately plead sufficient facts that may be broadly construed as alleging that Aramark has a policy or custom of failing to properly serve and prepare food in accordance with his religious beliefs and/or failing to recognize his religious beliefs. Thus, the Court will deny Aramark's motion to dismiss without prejudice to the right to re-file it after the opportunity for discovery.

### III.

While Defendant Kenton County has filed an Answer to Bush's complaint [D.E. No. 11], Aramark has not yet done so. However, as Aramark's motion to dismiss Bush's claims against it is denied, it must file its responsive pleading within 14 days from the date of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A). At that point, the Court will enter an order regarding discovery and pretrial management of this case, including the referral of this matter to a Magistrate Judge.

Accordingly, it is hereby **ORDERED** as follows:

1. The motion to dismiss filed by Defendant Aramark Correctional Services, LLC [D.E. No. 18] is **DENIED WITHOUT PREJUDICE**.

2. Defendant Aramark Correctional Services, LLC shall answer or otherwise respond to Plaintiff's complaint within 14 days from the date of this Order

6

This the 18th day of August, 2020.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge

7